**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JERRY PENA, | No. CIV S-08-1740-LKK-CMK-P |
|     Petitioner, | |
|   vs. | <u>FINDINGS AND RECOMMENDATIONS</u> |
| MICHAEL MARTEL, et al., | |
|     Respondents. | |

      Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondents' motion to dismiss (Doc. 16) the petition as untimely and unexhausted.

## I.  BACKGROUND

      Petitioner was convicted of kidnapping for rape, as well as false imprisonment.  He was sentenced to an indeterminate prison term of 35 years to life on July 5, 2005.  The Court of Appeal reversed the false imprisonment charge on July 11, 2006, but in all other respects affirmed the conviction and sentence.  Petitioner did not seek direct review in the California

/ / /

Supreme Court. Petitioner then filed three state court post-conviction actions as follows:

| | | |
|---|---|---|
| First Petition | Sacramento County Superior Court<br>Filed June 14, 2007<br>Denied July 25, 2007 | |
| Second Petition | California Court of Appeal<br>Filed September 17, 2007<br>Denied September 28, 2007 | |
| Third Petition | California Supreme Court<br>Filed December 27, 2007<br>Denied June 11, 2008 | |

The instant federal petition was filed on July 28, 2008.

## II. DISCUSSION

Federal habeas corpus petitions must be filed within one year from the later of: (1) the date the state court judgment became final; (2) the date on which an impediment to filing created by state action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d). Typically, the statute of limitations will begin to run when the state court judgment becomes final by the conclusion of direct review or expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1).

Where a petition for review by the California Supreme Court is filed and no petition for certiorari is filed in the United States Supreme Court, the one-year limitations period begins running the day after expiration of the 90-day time within which to seek review by the U.S. Supreme Court. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Where no petition for review by the California Supreme Court is filed, the conviction becomes final 40 days following the Court of Appeal's decision, and the limitations period begins running the following day. See Smith v. Duncan, 297 F.3d 809 (9th Cir. 2002). If no appeal is filed in the Court of Appeal, the conviction becomes final 60 days after conclusion of proceedings in the

state trial court, and the limitations period begins running the following day.  If the conviction became final before April 24, 1996 – the effective date of the statute of limitations – the one-year period begins to run the day after the effective date, or April 25, 1996.  See Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999).

The limitations period is tolled, however, for the time a properly filed application for post-conviction relief is pending in the state court.  See 28 U.S.C. § 2244(d)(2).  To be "properly filed," the application must be authorized by, and in compliance with, state law.  See Artuz v. Bennett, 531 U.S. 4 (2000); see also Allen v. Siebert, 128 S.Ct. 2 (2007); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that, regardless of whether there are exceptions to a state's timeliness bar, time limits for filing a state post-conviction petition are filing conditions and the failure to comply with those time limits precludes a finding that the state petition is properly filed).  A state court application for post-conviction relief is "pending" during all the time the petitioner is attempting, through proper use of state court procedures, to present his claims.  See Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  It is not, however, considered "pending" after the state post-conviction process is concluded.  See Lawrence v. Florida, 549 U.S. 327 (2007) (holding that federal habeas petition not tolled for time during which certiorari petition to the Supreme Court was pending).  Where the petitioner unreasonably delays between state court applications, however, there is no tolling for that period of time.  See Carey v. Saffold, 536 U.S. 214 (2002).  If the state court does not explicitly deny a post-conviction application as untimely, the federal court must independently determine whether there was undue delay.  See id. at 226-27.

There is no tolling for the interval of time between post-conviction applications where the petitioner is not moving to the next higher appellate level of review.  See Nino, 183 F.3d at 1006-07; see also Dils v. Small, 260 F.3d 984, 986 (9th Cir. 2001).  There is also no tolling for the period between different sets of post-conviction applications.  See Biggs v. Duncan, 339 F.3d 1045 (9th Cir. 2003).  Finally, the period between the conclusion of direct

review and the filing of a state post-conviction application does not toll the limitations period. See Nino, 1983 F.3d at 1006-07.

In this case, petitioner's conviction and sentence became final 40 days following the Court of Appeal's July 11, 2006, decision – August 20, 2006. The limitations period began to run the following day. Petitioner filed his first state court post-conviction action 297 days later on June 14, 2007.[1] Respondents concede that petitioner is entitled to statutory tolling for the entire time the first petition was pending in the Sacramento County Superior Court. Respondents also concede that petitioner is entitled to statutory tolling for the interval between the first and second petitions and the time the second petition was pending in the California Court of Appeal.

Respondents, however, argue that petitioner is not entitled to any tolling for the interval between denial of the second state court petition and the filing of the third petition. Specifically, respondents assert that petitioner's unreasonable and unexplained delay of 89 days renders interval tolling unavailable. Because petitioner does not offer any explanation for justification for the delay, the court agrees. See Carey, 536 U.S. 214; see also Evans v. Chavis, 546 U.S. 189, 201 (2006) (observing that 30 to 60 days would normally be reasonable). Numerous judges who have considered this issue agree that a delay of more than 60 days is unreasonable. See Contreras v. Curry, 2008 WL 4291473 (N.D. Cal. 2008) (involving 88-day delay); Livermoore v. Watson, 2008 WL 802330 (E.D. Cal. 2008) (involving 78-day delay);

---

[1] The first petition contains no proof of service and bears several different dates. Therefore, the court agrees with respondents that petitioner is not entitled to a presumption that it was filed on the date delivered to prison officials because that date cannot be determined.

The court rejects petitioner's apparent contention that he is entitled to a May 1, 2007, filing date for the first petition. Petitioner states that he obtained the last documents and copies he needed for his first petition "on or about" April 24, 2007. He then requested his trust account statement from prison officials, presumably for the purpose of seeking in forma pauperis status for the filing of the first petition. According to petitioner, he was then called into the counselor's office on May 24, 2007, at which time his fee waiver documents were processed and that this was the last time he had any contact with "the papers." Petitioner does not, however, state when he first delivered the petition to prison officials for mailing. And, any delay in processing his fee waiver paperwork is irrelevant because petitioner could have filed his petition and then resolved the fee issue at a later date, as often happens with pro se prisoner filings in this court.

1   Hunt v. Felker, 2008 WL 364995 (E.D. Cal. 2008) (involving 70-day delay); Young v. Hickman,
2   2008 WL 361011 (E.D. Cal. 2008) (involving 95-day delay); Bridge v. Runnels, 2007 WL
3   2695177 (E.D. Cal. 2007) (involving 76-day delay).
4          Thus, by the time the third state court post-conviction petition was filed, a total of
5   386 days expired (297 plus 89).  Because the one-year limitation period expired even before the
6   third state court petition was filed, the instant federal petition is necessarily untimely.[2]
7          Based on the foregoing, the undersigned recommends that respondents' motion to
8   dismiss (doc. 16) be granted and that all other pending motions/requests be denied as moot.
9          These findings and recommendations are submitted to the United States District
10  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days
11  after being served with these findings and recommendations, any party may file written
12  objections with the court.  The document should be captioned "Objections to Magistrate Judge's
13  Findings and Recommendations."  Failure to file objections within the specified time may waive
14  the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

   DATED: August 19, 2009

                                           _____
                                           **CRAIG M. KELLISON**
                                           UNITED STATES MAGISTRATE JUDGE

---

[2]   The court need not address whether petitioner is entitled to any presumptions as to the filing dates of the third state court petition or this federal petition, or whether a stay-and-abeyance order should be issued to allow petitioner to exhaust unexhausted claims.

5